IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JASON WORLD,

      Petitioner,

v.                                   CASE NO. 5:08-cv-0062-RS-GRJ

WALTER MCNEIL,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's Bay County conviction of aggravated battery, for which he received a sentence of 15 years imprisonment. Petitioner contends that his trial counsel rendered constitutionally ineffective assistance for failing to object to the trial court's jury instruction on aggravated battery and for failing to request a jury instruction on felony battery. Doc. 1. Respondent has filed a response and appendix with relevant portions of the state-court record and Petitioner has filed a reply to the response. Docs. 9, 13. Upon due consideration of the petition, the response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

_____

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**State-Court Proceedings**

As set forth in the state-court record, the facts adduced at Petitioner's jury trial may be summarized as follows. *See* Respondent's Appendix ("App.") Exh. B (transcript of jury trial). Petitioner was charged with one count of robbery in violation of Fla. Stat. § 812.13(2)(c), and one count of aggravated battery in violation of Fla. Stat. § 784.045. The aggravated battery count charged that Petitioner "did unlawfully commit a battery upon Fred Porter, by actually and intentionally touching or striking said person, and in commission of said battery, did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to Fred Porter." App. Exh. B at 5.

Fred Porter testified that on November 16, 2004, he and Petitioner were conversing in Ronnie Mathis' front yard. Mr. Porter had known Petitioner since Petitioner was a child. The conversation escalated, and Petitioner hit Mr. Porter in the jaw with what felt like a piece of pipe. Mr. Porter stated that he fell to the ground, and Petitioner and another man began kicking him in the teeth and face until Mr. Porter was unconscious. When Mr. Porter awoke, he rode his bicycle to his mother's house and then was transported to a hospital by ambulance.

Police Detective Craig Romans testified that he observed Mr. Porter in the hospital sitting on a gurney and holding a bed pan under his chin to catch the blood. Mr. Porter's teeth protruded through his lips and he had trouble speaking due to his injuries. A number of days later when Mr. Porter was able to speak more clearly, he identified his attacker as "Jason." Mr. Porter accompanied Detective Romans to the neighborhood and identified a black male as "Jason." Detective Romans identified the Petitioner as the same person the victim identified as "Jason."

Dr. Christopher Rathfoot testified to the severe nature of Mr. Porter's injuries, which included neck and facial swelling, a fractured jaw, and a fractured voice box that necessitated a tracheotomy.

The defense presented two witnesses who testified that they saw an unidentified man – not Petitioner – attacking Mr. Porter. Petitioner also testified that he was not involved in a fight with Mr. Porter and had not seen Mr. Porter on the day of the attack.

At the close of the evidence, the trial court instructed the jury as follows on the battery charge:

> Now the next crime charged is count II, aggravated battery. Before you can find the defendant guilty of aggravated battery, the State must prove the following two elements beyond a reasonable doubt. The first element is the definition of battery. Number one: The Defendant intentionally touched or struck Fred Porter against his will. Number two: Intentionally touched or struck Fred Porter against his will, or intentionally caused great bodily harm to Fred Porter. Excuse me. Number two: The Defendant in committing the battery intentionally or knowingly caused great bodily harm to Fred Porter or permanent disability to Fred Porter or permanent disfigurement to Fred Porter.
> . . .
> Battery is a lesser included offense. Before you can find the Defendant guilty of battery, the State must prove the following element beyond a reasonable doubt: The Defendant intentionally touched or struck Fred Porter against his will or intentionally caused bodily harm to Fred Porter.

App. Exh. B. At 147-48. Petitioner's counsel did not object to this charge. The jury acquitted Petitioner of robbery and convicted him of aggravated battery.

On direct appeal, Petitioner's appellate counsel filed an initial brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id*. Exh. C. The appellate court permitted

Petitioner to file a *pro se* initial brief. *Id*. Exh. D. Petitioner filed a notice that he had "discovered no cognizable issues meritorious enough to warrant the filing of a brief." *Id*. Exh. E. The court *per curiam* affirmed the judgment and sentence without written opinion. *Id*. Exh. F.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. App. Exh. G. Petitioner alleged that trial counsel was ineffective for failing to object to a defective jury instruction that omitted an essential element of the crime of aggravated battery because the jury instruction did not allege that he used a deadly weapon pursuant to Fla. Stat. § 784.045(2)(b). Petitioner also alleged that trial counsel was ineffective for failing to request a felony battery jury instruction. Petitioner argued that by omitting the deadly weapon element of the aggravated battery instruction, the instruction was the same as the instruction for felony battery under Fla. Stat. § 784.041. Petitioner alleged that had trial counsel requested a felony battery instruction, the jury "may well have decided not to convict the defendant for the aggravated battery offense[.]" *Id*., Exh. G at 10.

Applying *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court determined that Petitioner's trial counsel did not render ineffective assistance. *Id.* Exh. G at 21-22. The trial court concluded that Petitioner's first ground was without merit because there "are three different forms of aggravated battery outlined in the statute." The court stated that:

> A defendant can be convicted of aggravated battery by "intentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement" during a battery, *or* by using a deadly weapon during a battery, *or* by committing a battery against a person the defendant knew or

should have know was pregnant. *See* Fla. Stat.
§ 784.045(1)(a)-(b). *Id*. at 21 (emphasis in original).   In this
case, Defendant was charged with the first type of
aggravated battery involving great bodily harm, permanent
disability, or permanent disfigurement. (*See* attached
information). Thus, the Court was not required to instruct the
jurors that they had to find that Defendant had used a deadly
weapon, as he was not charged with that form of aggravated
battery. Counsel was not ineffective for failing to object to
the jury instructions on this basis.

*Id*. at 21.  As to the second ground, the trial court found that Petitioner's claim was

refuted by the trial transcript, which showed that the jury was instructed on the lesser

included offense of battery.  *Id*. at 22.  The appellate court *per curiam* affirmed without

opinion.  App. Exh. K.

Petitioner filed a petition pursuant to Fla. R. App. P. 9.141(c) alleging ineffective

assistance of appellate counsel.  App. Exh. M.  Petitioner alleged that appellate counsel

was ineffective for failing to raise the issue of whether fundamental error occurred when

the trial court gave the instruction on aggravated battery without including a deadly

weapon element.  The Florida First District Court of Appeal *per curiam* denied the

petition on the merits without opinion.  App. Exh. M.

Petitioner filed a petition for writ of habeas corpus in the trial court again alleging

that his trial counsel rendered ineffective assistance by failing to request a lesser

included instruction on felony battery.  App. Exh. O.  The trial court denied the petition

as a successive motion for postconviction relief.  App. Exh. P.

In the instant petition, which Respondent concedes is timely and exhausted,

Petitioner reasserts his claims that his trial counsel rendered constitutionally ineffective

assistance by failing to object to the allegedly defective aggravated-battery instruction,

and by failing to request a felony battery instruction.  Doc. 1.

## <u>Section 2254 Standard of Review</u>

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting

circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ).  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

## Ineffective Assistance of Counsel

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of  *Strickland* is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the

performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Where a

defendant challenges a not-guilty plea based on ineffective assistance of counsel, he must "show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3rd 1499, 1504 (11th Cir. 1995) (internal quotations omitted).

The Eleventh Circuit has recognized that given these principles and presumptions "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 n.15 (11th Cir. 2000) (en banc). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

Of particular relevance to this case, to prove ineffective assistance of counsel for failing to object to a jury instruction, the Petitioner must show that the instruction was improper; that a reasonably competent attorney would have objected to the instruction; and that the failure to object was prejudicial. *Daugherty v. Dugger*, 839 F.2d 1426, 1428 (11th Cir.1988)(citing *Strickland*, 466 U.S. at 686-87).

### Petitioner's Claims

### (1) Ineffective Assistance Regarding Aggravated Battery Instruction

The state court applied *Strickland* to determine that counsel's performance was neither deficient nor was Petitioner prejudiced by counsel's failure to challenge the court's aggravated battery instruction on the ground that the trial court should have included a deadly-weapon element. The court noted that the aggravated-battery instruction read to the jury tracked the statute that Petitioner was charged with violating.

The Florida aggravated battery statute applies to a person who, in committing battery, "intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement" *or* who uses a deadly weapon during a battery, *or* where the defendant knew or should have known that the victim was pregnant. Fla. Stat. § 784.045(1)(a)-(b). Defendant was charged under the first part of the statute, and was not charged with using a deadly weapon. Although there was testimony that Petitioner hit the victim with "what felt like a pipe," Petitioner's defense was not based on whether he used a deadly weapon in the attack, but rather depended on his claim that he was not involved in the attack at all.

In light of the charge against Petitioner and the evidence adduced at trial, there was no basis for Petitioner's counsel to request that the aggravated-battery jury instruction include a deadly weapon element. Because the instruction that was given was not improper, counsel did not render ineffective assistance for failing to object to it. *See Daugherty*, 839 F.2d at 1428. Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, *Strickland*.

### (2) Ineffective Assistance for Failure to Request Felony Battery Instruction

Petitioner's second claim for relief is somewhat unclear. He first contends that the trial court gave a "hybrid instruction" on aggravated battery that combined elements of separate offenses into one instruction. As noted above, the state court reviewed the record and determined that the aggravated-battery instruction was consistent with the statute. This Court's review of the record discloses no merit in Petitioner's claim that the aggravated-battery instruction included elements of other offenses such that it was

"hybrid."

Petitioner next contends that his trial counsel should have requested a jury instruction on the lesser included offense of felony battery under Fla. Stat. § 784.041. The trial court instructed the jury on the lesser-included offense of simple battery under Fla. Stat. § 784.03.  Under Florida law:

> A person commits simple battery when he either "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat. (2005). The definition of felony battery recites the first prong of the battery definition and adds the element of causing great bodily harm, permanent disability, or permanent disfigurement. § 784.041(1). Finally, aggravated battery occurs when a person, in committing battery, intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement. § 784.045(1)(a)(1). Aggravated battery can thus be seen as simple battery plus intentionally or knowingly causing great bodily harm, etc., or as felony battery with the added element of intentionally or knowingly causing the great bodily harm, etc. This *mens rea* requirement makes aggravated battery a specific intent crime. Felony battery is a necessarily lesser included offense of aggravated battery. See Fla. Std. Jury Instr. (Crim.) 8.4. (footnotes omitted).

*T.S. v. State*, 965 So. 2d 1288, 1290 (Fla. 2nd DCA 2007).

In Florida,"[i]t is well settled law that the defense is entitled to jury instructions on his theory of defense if evidence has been introduced to support those instructions." *Cooper v. State*, 573 So.2d 74, 76 (Fla. 4th DCA 1990).  Respondent points out that Petitioner's theory of defense was that he was not the perpetrator.  Petitioner did not present any evidence or argument at trial in support of a defense theory that he committed battery on the victim, but lacked the specific intent to cause him great bodily harm.   Accordingly, there was no basis for Petitioner's counsel to request a jury

instruction on the lesser-included offense of felony battery.  Petitioner has failed to

show that the state court's rejection of this ineffective-assistance claim was contrary to,

or an unreasonable application of, *Strickland*.

### Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the petition for

a writ of habeas corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be

**DENIED**.

**IN CHAMBERS**  this 2nd  day of March 2011.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**